UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| AMAI RAWLS,<br><br>    Petitioner,<br><br>v.<br><br>FRANCISCO QUINTANA, WARDEN,<br><br>    Respondent. | Civil Action No. 14-CV-27-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Amai Rawls is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Medical Center, located in Lexington, Kentucky. Proceeding without counsel, Rawls has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], and an amended 2241 petition [R. 2], challenging his 20-year federal sentence. Rawls has paid the $5.00 filing fee. [R. 5]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Rawls's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

For the reasons set forth below, the Court will deny Rawls's habeas petition and his amended habeas petition, because the claim which he asserts cannot be pursued under 28 U.S.C. § 2241.

**LITIGATION HISTORY**

In March 2002, Rawls pleaded guilty to one count of attempting to possess with intent to distribute cocaine, and one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U. S. C. §§ 841 and 846. *United States v. Amai Rawls*, No. 3:01-CR-124-H (W.D. Ky. 2001) [R. 61, therein][1] In May 2002, Rawls was sentenced to a 20-year prison term and a 10-year supervised release term. [R. 66, therein] Rawls did not appeal.

On October 4, 2012, Rawls filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [R. 76, therein] On November 2, 2012, the district court entered an Order requiring Rawls to show cause why his § 2255 motion should not be dismissed as time-barred under the one-year statute of limitations set forth in 28 U. S.C. § 2255(f)(1). [R. 79, therein] Rawls responded that the statute of limitations should not have begun to run until August 17, 2011, the date on which the Fourth Circuit Court of Appeals decided *United States v. Simmons*, 649 F.3d 237 (2011), which, Rawls argued, made the Supreme Court holding in *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 130 S. Ct. 2577 (2010),[2] retroactively applicable to his case. [R. 80, therein]

---

[1] Because Rawls's criminal proceeding preceded the advent of the PACER electronic database, this Court cannot electronically access and view any of the documents filed in that proceeding prior to 2012, but the Court can access and view the entire docket sheet of that proceeding.

[2] In *Carachuri–Rosendo*, the defendant, who was facing deportation, was convicted of a crime that the State of Texas categorized as a misdemeanor, but his offense would have been a felony under the Controlled Substances Act (18 U.S.C. § 924(c)(2)) because he had a prior conviction. *Carachuri–Rosendo*, 560 U.S., at 566-67, 130 S.Ct. at 2580-81. The Court held that the offense did not constitute an "aggravated felony" because the state prosecutor had not charged the existence of a prior conviction and, thus, the defendant was not "…actually convicted of a crime that is itself punishable as a felony under federal law." *Id.*, 560 U.S. at 581-82, 130 S.Ct., at 2589.

2

On January 3, 2013, the district court denied Rawls's § 2255 motion. [R. 82, therein; *see also Rawls v. United States*, No. 3:01CR-124-H, 2013 WL 56986 (W.D. Ky. Jan. 3, 2013)] First, the district court concluded that the motion was time-barred under 28 U.S.C. § 2255(f)(1), noting that because *Carachuri-Rosendo* was rendered on June 14, 2010, Rawls was required to have asserted any challenge based on the case on or before June 14, 2011, but that he did not file his § 2255 motion until September 25, 2012. *Rawls*, 2013 WL 56986, at *2. Second, the district court determined that because Rawls had not diligently pursued his *Carachuri-Rosendo* claim, he was not entitled to equitable tolling of the one-year statute of limitation set forth in § 2255(f)(1). *Id.* at *3. Third and finally, the district court explained that contrary to Rawls's assertion that *Carachuri-Rosendo* applied retroactively, the Fourth Circuit had since held that *Carachuri-Rosendo* is a procedural rule that does not apply retroactively to cases on collateral review. *Id.* at *2. The district court denied Rawls a certificate of appealability. *Id.* at *4.

Rawls appealed, but the Sixth Circuit Court of Appeals denied him a certificate of appealabilty. [R. 86 therein; *see also Rawls v. United States*, No. 13-5084 (6th Cir. July 11, 2013)] Rawls then filed a petition for a writ of *certiorari* in the United States Supreme Court, which petition was denied on November 18, 2013. [R. 88, therein]

## CLAIMS ASSERTED IN THE § 2241 PETITION

Rawls alleges that his 1996 conviction in the Kentucky state courts for possession of cocaine in the first degree was not a qualifying predicate for enhancing his sentence under 21 U.S.C. § 851, and that accordingly, the district court improperly subjected him to an increased mandatory minimum. Rawls contends that the district court therefore imposed

3

an excessive sentence in violation of his right to due process of law guaranteed by the Fifth Amendment of the U.S. Constitution. [R. 1, p. 7]

Rawls bases his challenge on *Lopez v. Gonzales*, 547 U.S. 47, 127 S. Ct. 625 (2006),[3] arguing that under *Lopez*, the district court improperly treated his 1996 state court possession conviction as "…qualifying predicate for purposes of 21 U.S.C. 851 when it sentenced him." [R. 2, p. 7] Rawls contends that because his 1996 Kentucky state court conviction for simple possession of cocaine did not carry a one-year sentence, it did not qualify as a prior felony conviction, and that the district court improperly used that conviction as a basis for imposing the mandatory minimum 20-year sentence set forth in 21 U.S.C. § 841(b)(1)(B). Rawls claims that absent the use of his 1996 state court conviction, he would have received a mandatory minimum sentence of only ten (10) years. [R. 3, p. 6] Rawls asserts that because *Lopez* was rendered four years after he was sentenced in 2002, he is entitled to invoke its holding and collaterally challenge his sentence in this § 2241 proceeding. [*Id.*, p. 5; see also R. 2, p. 5] Rawls asks this Court to vacate his sentence and to "resentence him without the Section 851 enhancement." [R. 1, p. 8, § 15] Rawls also seeks the appointment of counsel in this proceeding. [*Id.*]

## DISCUSSION

Rawls is not challenging the execution of his sentence, such as the manner in which the BOP has computed his sentence credits or his eligibility for parole, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Rawls is challenging the manner in which the district court calculated the term of

---

[3] The issue in *Lopez* was whether an illegal alien's state drug conviction, which was classified as a felony under state law, but a misdemeanor under the federal Controlled Substances Act, qualified as an "aggravated felony" under federal immigration law. The Supreme Court held that in order to be an "aggravated felony" for immigration law purposes, "…a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Lopez*, 549 U.S. at 60.

4

his sentence, and the fact that it enhanced his sentence. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

As Rawls correctly notes, *Lopez* was rendered in 2006. Therefore, Rawls could and should have asserted any claim arising under *Lopez* when he filed his § 2255 motion in the district court in September 2012, but Rawls did not assert a *Lopez* claim in his § 2255

5

motion. The Court parenthetically notes that substantively, *Lopez* was a predecessor case to *Carachuri–Rosendo*, and that both cases addressed under what circumstances an alien can be removed based on prior controlled-substance convictions. In his § 2255 motion, Rawls previously and unsuccessfully challenged his conviction and sentence based on *Carachuri–Rosendo*, so to the extent that Rawls continues to advance the same substantive challenge to his enhanced sentence, merely by citing a different and older case, he is impermissibly attempting to get a "second bite" at the post-conviction apple, a result which *Charles* prohibits. The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756-58. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Id*., at 758. Rawls has not demonstrated that his remedy under § 2255 was inadequate or ineffective to challenge his detention.

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Rawls asserts that *Lopez* is a new rule of law which applies retroactively, and that it affords him relief from his enhanced sentence, but he points to no law which indicates that *Lopez* applies retroactively to cases on collateral review. Further, as previously discussed, when the district court denied Rawls's § 2255 motion as time-barred in January 2013, it

6

explained that the Fourth Circuit had since determined that *Carachuri–Rosendo,* which is a progeny case of *Lopez*, did not apply retroactively to cases on collateral review. *See Rawls*, 2013 WL 56986, at *2. Rawls therefore has not shown an intervening change in the law which would entitle him to relief under the savings clause. *See Enigwe v. Bezy*, 92 F. App'x 315, 317 (6th Cir. 2004).

Finally, Rawls does not allege that he is actually innocent of the underlying drug offenses of which he was convicted. Instead, Rawls contends only that the district court improperly enhanced his sentence under the 21 U.S.C. § 851. The savings clause, however, may only be applied when the petitioner makes a claim of actual innocence, and claims of sentencing error do not qualify as "actual innocence" claims under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims"). Simply put, the savings clause of § 2255 extends only to petitioners asserting actual innocence claims as to their *convictions*, not their enhanced sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (holding that sentencing error claims do not qualify as claims of actual innocence under the savings clause).

In summary, Rawls has not established that his remedy under § 2255 was inadequate or ineffective to challenge his detention, nor has he alleged a viable claim of actual innocence. The Court will therefore deny Rawls's original and amended § 2241

7

petitions and his request for the appointment of counsel [R. 1; R. 2], and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Amai Rawls's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] and his amended § 2241 petition for writ of habeas corpus [R. 2] are **DENIED**;

2. The Court will enter an appropriate Judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This April 25, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY